```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  March 29, 2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL GARRA, ET AL.,

                Plaintiffs,

-against-

METRO-NORTH COMMUTER RAILROAD,

                Defendant

17-CV-1293 (ALC) (SN)

**MEMORANDUM AND ORDER**

**ANDREW L. CARTER, JR., District Judge:**

    Pending before the Court is Defendant, Metro-North's motion to enforce the settlement agreement entered into by Plaintiff James Provo and Defendant on January 20, 2020. (ECF No. 52).[1] On February 12, 2021, Magistrate Judge Sarah Netburn issued a Report and Recommendation granting Defendant's motion to enforce the settlement agreement. (ECF No. 63). For the reasons that follow, the Court adopts the R&R in full and grants Defendant's motion to enforce the settlement agreement.

**BACKGROUND AND PROCEDURAL HISTORY**

    I assume the parties' familiarity with the factual background and procedural history of this case as laid out in Judge Netburn's R&R.

**LEGAL STANDARDS**

**I.    Reviewing the R&R**

    After a magistrate judge issues a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" in the district court. 28

---

[1] Plaintiffs Garra, Linkenhoker, and Vaspasiano do not challenge settlements reached with Metro-North.

1

U.S.C. § 636(b)(1)(C). The district court "shall make a *de novo* determination to those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015) ("If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report of specified proposed findings or recommendations to which objection is made.' " (quoting 28 U.S.C. § 636(b)(1))). Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)); *Barratt v. Joie*, No. 96 Civ. 0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) ("Parties filing objections to recommendations are required to 'pinpoint specific portions of the report and recommendations to which [they] objec[t] . . . .'" (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))).

If, however, "the [objecting] party makes only frivolous, conclusory or general objections, or simply reiterates [his] original arguments, the Court reviews the report and recommendation only for clear error." *Velez v. DNF Assocs., LLC*, No. 19 Civ. 11138, 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020) (quoting *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014)); *see also Colliton v. Donnelly*, No. 07 Civ. 1922, 2009 WL 2850497, at *1 (S.D.N.Y. Aug. 28, 2009), *aff'd*, 399 F. App'x 619 (2d Cir. 2010) ("The vast majority of plaintiff's objections are patently frivolous and require no discussion."); *Brown v. Ebert*, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) ("[W]here the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,' the court reviews the report for clear error."

(quoting *Gardine v. McGinnis*, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006))); *Barratt*, 2002 WL 335014, at *1 ("When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [r]eport and [r]ecommendation only for clear error."). Thus, when a plaintiff does not "lodge[ ] any specific objections, the court [ ] review[s] the [report and recommendation] for clear error." *Petrovic v. Comm'r of Soc. Sec.*, No. 15 Civ. 194, 2016 WL 6082038, at *2 (S.D.N.Y. Oct. 14, 2016).

## DISCUSSION

First, the Court notes that Plaintiff filed late objections to Magistrate Judge Netburn's R&R, and thus the Court is only required to review the R&R for clear error. Plaintiff is represented by counsel. Plaintiff failed to ask for an extension of time to file its objections and failed to even acknowledge that the objections were filed after the deadline. Where, as here, untimely objections were filed to a magistrate judge's R & R – despite clear warning that a failure to file objections will result in a waiver of judicial review (*See* ECF No. 63 at 27–28) – judicial review has been waived. *See Thomas v. Arn*, 474 U.S. 140, 147–48 (1985); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report." (citation omitted)).

The Court has nonetheless reviewed Judge Netburn's comprehensive and well-reasoned R&R for clear error. In her R&R, Judge Netburn found that the *Winston* factors weighed in favor

3

of a finding that the Parties reached a binding settlement agreement as laid out in the NAM Agreement. *See Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985). Specifically, Judge Netburn opined that the first factor, whether there has been an express reservation of the right not to be bound in the absence of a writing weighed in favor of enforcement as the Parties here had a written preliminary agreement that was signed by both Parties and thus evidenced an intent to be bound. *See* R&R at 15–18.

Likewise, Judge Netburn found that the second factor, whether there has been partial performance of the contract weighed in favor of enforcing the Agreement as Plaintiff accepted Defendant's offer of reinstatement when Plaintiff appeared for his physical on March 12, 2020.[2][3] *Id.* at 18–24. Lastly, Judge Netburn found that the fourth factor, whether the agreement at issue is the type of contract that is usually committed to writing weighed in favor of enforcing the Agreement as the NAM Agreement contemplated no further formal agreement. *Id.* at 25–26. However, Judge Netburn found that the third factor, whether all of the terms of the alleged contract have been agreed upon weighed in favor of nonenforcement of the Agreement as the NAM Agreement left open a term to be negotiated, Plaintiff's disciplinary record.[4] *Id.* at 25. Therefore, Judge Netburn concluded that the NAM Agreement constituted a binding agreement and recommended that Defendant's motion to enforce the settlement be granted.

---

[2] Judge Netburn also laid out specific concerns that she had regarding the unclear communication of the February 14, 2020 letter, which constituted the offer of reinstatement and modified disciplinary record from Defendant to Plaintiff. Judge Netburn took issue with the possible confusion that stemmed from the offer of reinstatement. However, upon a review of the affidavits, as well as extensive email communications that make clear that Plaintiff's counsel understood the letter to be an offer of reinstatement in connection with the Nam Agreement, Judge Netburn found that the totality of the circumstances favored enforcement. R&R at 22–24.

[3] The February 14, 2020 letter did not require Plaintiff to accept the offer ahead of time, but only to show up for his physical on March 12, 2020 and training on March 13, 2020.

[4] The Agreement left this term open until February 19, 2020; however, Judge Netburn found that there was a waiver of this deadline as negotiations continued well after February 19, 2020, evidenced by extensive email communications between the Parties. R&R at 20–21.

The Court sees no error, much less clear error, in Judge Netburn's analysis. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

Even assuming, however, that Plaintiff had timely objected to the R&R, and thus has a *de novo* standard of review applied, the Court would reach the same conclusions as those reached by Judge Netburn. Plaintiff's contentions that his appearance for his physical on March 12, 2020 did not constitute acceptance of the offer of reinstatement; Plaintiff understood the offer to be a unilateral agreement; and that Plaintiff did not waive the February 19, 2020 deadline in the NAM Agreement are defeated by the record before Court, specifically the extensive emails between the Parties. *See* ECF No. 53, Exs. 9, 10.

Moreover, Plaintiff's objection that the *Winston* factors are inapposite is equally unavailing. *Winston* arose in the context of a preliminary oral agreement. Nonetheless, the test articulated in that case has been applied to several types of agreements. *See Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 323 (2d Cir.1 997) (applying *Winston* factors in the context of an unexecuted draft settlement); *Winn v. Seaport Manor Corp.*, No. 01 Civ. 5349, 2002 WL 31133388, at *2 (S.D.N.Y. Aug. 22, 2002) (using *Winston* factors with respect to an unsigned draft of a settlement stipulation). Furthermore, the Second Circuit has also used a modified form of the *Winston* factors for a Type II agreement. These consist of: (1) the language of the agreement; (2) the context of the negotiations; (3) the existence of open terms; (4) partial performance; and (5) the necessity of putting the agreement in final form, as indicated by the customary form of such transactions. *See Arcadian Phosphates, Inc. v. Arcadian Corp.*, 884 F.2d 69, 72 (2d Cir. 1989) (citing *Teachers Insurance & Annuity Association v. Tribune Co.*, 670 F. Supp. 499–503 (S.D.N.Y.1987). Additionally, Plaintiff fails to cite any authority in his objections to support his position and merely restates many of the arguments that Magistrate Judge Netburn considered and

rejected in her report and recommendation "in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion]." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). As Plaintiff's objections are both untimely and belied by the record before the Court, the Court adopts the R&R in full.

## CONCLUSION

The Court has reviewed Judge Netburn's R&R and is satisfied that "there is no clear error on the face of the record." *Nelson* 618 F. Supp. at 1189. Accordingly, the Court adopts Judge Netburn's R & R in its entirety. Defendant's motion to enforce the settlement agreement is granted. (ECF No. 52.) The Clerk of Court is directed to terminate the motion.

**SO ORDERED.**

**Dated**: **March 29, 2021**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**